IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN HURTADO, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 14-190J |
| ) | Judge Kim R. Gibson/ |
| MOSHANNON VALLEY ) | Chief Magistrate Judge Maureen P. Kelly |
| CORRECTIONAL CENTER; ALTOONA ) | |
| REGIONAL HEALTH SYSTEM, ) | |

**O R D E R**

Juan Hurtado ("Plaintiff"), a federal prisoner housed at the Moshannon Valley Correctional Center ("MVCC"), a privately run prison, has filed a civil rights action, alleging inadequate medical care. On October 16, 2014, Plaintiff's Complaint, ECF No. 5, was formally docketed. The Complaint did not make specific allegations against the only two defendants named therein, i.e., MVCC and Altoona Regional Health System, the hospital where Plaintiff was apparently operated on twice for his hernia.

Thereafter, on October 27, 2014, Plaintiff made a request to add defendants. ECF No. 7. The Court granted the motion in a text order and directed Plaintiff to file an Amended Complaint to include all defendants and all factual allegations against the defendants. Plaintiff was ordered to file the Amended Complaint no later than January 5, 2015. Plaintiff filed an Amended Complaint, ECF No. 9, on December 19, 2015. That Amended Complaint, however, lacks specific non-conclusory factual allegations against each of the defendants named in the caption of the Amended Complaint.

Reading both the Complaint and the Amended Complaint together, they fail to comply with the pleading requirements of Fed.R.Civ.P. 8 as explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). As explained by the United States Supreme Court, a complaint is subject to dismissal under the standards of Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570

The Complaint and Amended Complaint are simply insufficient under Twombly and Iqbal. As the United States Supreme Court explained in Twombly: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Rather, Plaintiff must allege a modicum of facts showing that the Defendants violated his rights. Instead of alleging sufficient facts to show that the Defendants violated Plaintiff's rights, the Complaint and Amended Complaint are replete with conclusory allegations that lack any factual specificity. The pro se prisoner Form Complaint is intended to help focus pro se prisoner-plaintiffs to allege that which is required. In order to rectify the deficiencies in the Complaint and the Amended Complaint, Plaintiff is ORDERED to file a Second Amended Complaint that includes all of his claims against all of the defendants and allege therein facts, as opposed to conclusory allegations. Essentially, Plaintiff should allege who did or failed to do what to him and when these actions or inactions occurred.

Plaintiff is **ORDERED** to use the pro se prisoner Form Complaint that is in use in this District in order to file the Second Amended Complaint. A copy of the pro se prisoner Form Complaint will be mailed with this order. Plaintiff is also **ORDERED** to provide sufficient number of copies of the Second Amended Complaint for each Defendant that is named. Plaintiff is **ORDERED** to file the Second Amended Complaint no later than January 30, 2015. Failure to do so may result in the case being dismissed either for failure to prosecute or the Complaint and Amended Complaint could be dismissed for failure to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Date: January 5, 2015            /s/ Maureen P. Kelly
                                 MAUREEN P. KELLY
                                 CHIEF UNITED STATES MAGISTRATE JUDGE


cc:   The Honorable Kim R. Gibson
      United States District Judge

      Juan Hurtado
      66831-066
      Moshannon Valley Correctional Center
      555 Geo Drive
      Philipsburg, PA 16866