IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN HURTADO, )
        Plaintiff, )
)
vs. ) Civil Action No. 14-190J
) Judge Kim R. Gibson/
MOSHANNON VALLEY ) Chief Magistrate Judge Maureen P. Kelly
CORRECTIONAL CENTER; ALTOONA )
REGIONAL HEALTH SYSTEM, ) Re: ECF No. 14

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion to Reopen the case, treated as a Motion filed pursuant to Fed. R. Civ. P. 60(b) be denied.

**II. REPORT**

    **A. Procedural History**

At the time of initiation of this suit, Juan Hurtado ("Plaintiff") was a prisoner at the Moshannon Valley Correctional Center ("MVCC"). He filed this prisoner civil rights Complaint, alleging lack of treatment or improper treatment at MVCC and at Altoona Regional Health System. On December 9, 2014, the Court ordered Plaintiff to file an Amended Complaint. Plaintiff filed an Amended Complaint on December 19, 2014. ECF No. 9. However, because the Amended Complaint was deficient, on January 5, 2015, the Court ordered Plaintiff to file a Second Amended Complaint and to use the pre-printed prisoner civil rights Complaint form provided by the Clerk's Office in order to assist Plaintiff to make the required factual allegations against all of the named defendants. ECF No. 10. Plaintiff was given until January 30, 2015 to file the Second Amended Complaint. On February 2, 2015, the Court received Exhibits in Support of the Amended Complaint. ECF No. 11. However, Plaintiff failed

to file the Second Amended Complaint and consequently, on May 4, 2015, the undersigned issued a Report and Recommendation ("the Report"), recommending dismissal of the case for Plaintiff's failure to prosecute. ECF No. 12. The Report took judicial notice of the fact that as of January 12, 2015, Plaintiff was released from custody. The Report was sent to Plaintiff's address of record. However on May 19, 2015, Plaintiff's copy of the Report was returned to the Court with a notation that Plaintiff was no longer at the MVCC. We note that Plaintiff did not file a change of address with the Clerk's Office even though Plaintiff was specifically warned that "plaintiff must keep the court advised of his current address at all times throughout this litigation." ECF No. 4 at 3. We also note that even after Plaintiff had been released from MVCC's custody, Plaintiff did file exhibits in support of this action on February 2, 2015. However, from February 2, 2015 until the filing of the Report on May 4, 2014, Plaintiff did not communicate with the Court. On May 19, 2015, Plaintiff's copy of the Report was returned to the Court with a notation that Plaintiff had been released. On May 21, 2015, the Honorable Kim R. Gibson adopted the Report and Recommendation and dismissed the action with prejudice for failure to prosecute. ECF No. 13.

Now, more than five months after the case was dismissed, Plaintiff has filed a Motion to Reopen the case. ECF No. 14.

**B. Discussion**

Given that this case was dismissed with prejudice by final judgment on May 21, 2015, we deem Plaintiff's Motion to Reopen to constitute a Motion filed pursuant to Fed. R. Civ. P. 60(b) To Set Aside the Judgment of May 21, 2015.[1] See, e.g., Fonzone v. Tribune Corp., 608 F. App'x

---

[1] Because motions filed pursuant to Fed. R. Civ. P. 60(b) are considered dispositive, Magistrate Judges must file Reports and Recommendations with respect to such motions. Pramco II, LLC v. Cheyenne Water Service, Inc. Civ., No. 2003–2, 2008 WL 3200778 (D.V.I. Aug. 1, 2008).

76, 78 (3d Cir. 2015) ("The District Court did not abuse its discretion in denying Fonzone's motion to reopen, which we construe as seeking relief under Federal Rule of Civil Procedure 60(b)(6)."). Such motions are addressed to the sound discretion of the District Court. Id.

Fed. R. Civ. P. 60 provides in relevant part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In the Motion, Plaintiff explains that

> I was released mid-January and upon being released I was sent to a half-way house. Shortly thereafter my probation moved me to another location. Soon I was told I had to leave that location and it is now that I have had the opportunity to find a permanent address. I understand that it is my responsibility to write in and inform the court of any changes in address but I was being moved around so often and that all of those locations were temporary and wanted to wait until I was settled in to give a reliable address.

ECF No. 14.

We deem Plaintiff's Motion to invoke Fed. R. Civ. P. 60(b)(1), and specifically to rely on the "excusable neglect" clause/standard.[2] The United States Court of Appeals for the Third Circuit has explained the standard of excusable neglect as follows:

> Under *Pioneer*, the determination whether a party's neglect is "'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995) (*citing Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.

George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163 – 64 (3d Cir. 2004). Furthermore, it is Plaintiff's burden to establish excusable neglect. Teri Woods Pub., L.L.C. v. Williams, NO. CIV.A. 11-06341, 2012 WL 2500306, at *1 (E.D. Pa., June 29, 2012) ("At all times, the movant bears the burden of establishing 'excusable neglect.'") (citing Ethan Michael, Inc. v. Union Twp., 392 F. App'x. 906, 909 (3d Cir. 2010)).

Considering the first factor, we conclude that the danger of prejudice to the defendants weighs in favor of denying the motion. We conclude so because even at the time of the initiation of this suit on September 3, 2014, the case was apparently filed beyond the applicable two year statute of limitations as Plaintiff noted that the date of the event giving rise to this case was April 20, 2012, ECF No. 1-2, ¶ IV.A, which we note was the date of his arrival at MVCC. ECF No. 11 at 7. At the very least, it appears that the Defendants were not put on timely notice of this suit

---

[2] We do not find that Plaintiff invokes Rule 60(b)(6) because the standard for relief thereunder is much higher than for relief under Rule 60(b)(1). Price v. Household Intern. Group Ins. Plan, NO. SACV 04-121, 2008 WL 4554161, at *3 (C.D.Cal., Oct. 7, 2008). Given this, even if Plaintiff had sought relief under subsection 6, our finding that he did not meet the lesser standard under subsection 1, necessarily implies that he did not meet the higher standard under subsection 6.

so that they could prepare to defend themselves against Plaintiff's claims. See, e.g., Arader v. Dimitrov, No. Civ.A. 11–3626, 2011 WL 4807924, at *7 ( E.D. Pa., Oct. 7, 2011) ("statutes of limitations and the doctrine of laches share common purposes of preventing the litigation of stale claims and protecting a defendant from prejudice."). Because Plaintiff fails to establish lack of prejudice to the Defendants under the facts of this case, we find this factor weighs in favor of denying his motion. Coleman v. Clayton County, Georgia, NO. CIVA 1:06CV1207, 2007 WL 757812, at *2 (N.D. Ga., March 7, 2007) ("To prevail on a motion under Rule 60(b)(1), plaintiff must show that: . . . granting the motion would not result in prejudice to defendants"). See also Paige v. Sacramento County Main Jail, No. CIV S–08–2164, 2010 WL 5115415, at *2 (E.D. Cal., Dec. 8, 2010) ("Plaintiff filed this suit more than two years ago. Many of the witnesses to the events described in his complaint likely have been released from jail or no longer work there. In light of the potential prejudice to Defendants, the effect on the proceedings of a two-year delay, and Plaintiff's failure to present any evidence showing why the court should excuse his neglect, the court finds that relief under Rule 60(b)(1) is not warranted.")

We next consider the factor of the length of delay in filing the Motion. We measure the delay from the date of entering the final judgment from which relief is sought to the date of the filing of the Rule 60(b) motion. Rodriguez v. Kuhlman, NO. 98 CIV. 63, 2013 WL 4778173, at *4 (S.D.N.Y., Sept. 6, 2013). Here, the delay was four months, i.e., from May 21, 2015, the date the order, ECF No. 13, was filed dismissing this case and September 23, 2015, the date that the Motion to Reopen was filed. ECF No. 14.

We find that this factor is equipoise or equally balanced. We do so because Plaintiff fails to inform us of when he obtained his "permanent address" which was the ostensible excuse for not informing the Court of his changes of address, and he fails to inform us as to why he called

5

the Clerk's Office in early September and not sooner. Without such information, we cannot determine the reasonableness of the delay. Insofar as the delay's impact on the judicial proceedings, we note that because Plaintiff did not cure the defects in his Complaint notwithstanding he was given two chances to do so, the Defendants still had not been served yet more than one year after the initiation of this suit. Given that this factor is equipoise or equally balanced, and it is Plaintiff's burden to show entitlement to relief under Rule 60(b), Plaintiff fails to carry his burden with respect to this factor.

We next consider the third factor of the reason for the delay, including whether it was within the reasonable control of the movant. This factor weighs heavily against the Plaintiff and in favor of denying the Motion. Plaintiff proceeding pro se, was ordered to keep the Court informed of his current address. ECF No. 4 at 3. He chose not to do so. He did not do so, according to him, because he was being moved around a lot. He fails to inform the Court as to how long he was at any of the addresses that he stayed at "temporarily" or how long he was at any of these temporary addresses before he knew that they were indeed only temporary addresses. He further fails to explain why, even if he knew that these were temporary addresses, he could not provide a permanent address of a relative or friend who could obtain his important mail and make sure it was forwarded to Plaintiff. The instant Motion certainly demonstrates that Plaintiff had the intelligence and resources to do so. See ECF No. 14 at 2 (noting that Plaintiff does not have a phone but if the Court needed to reach him, the Court could do so at either his niece's phone number or his girlfriend's phone number). Plaintiff utterly fails to explain why he could not or did not make similar arrangements when he was being moved around shortly after his release from MVCC. As Plaintiff is proceeding pro se, he is solely

responsible for the failure to receive the Court's orders. As such, the delay in this proceeding and his failure to prosecute were within the reasonable control of Plaintiff.

As to the final factor, whether Plaintiff acted in good faith, the record does not explicitly demonstrate bad faith on Plaintiff's part and so we consider this factor to weigh in favor of granting the Motion.

Taking all of the above factors into consideration, we conclude that they weigh in favor of denying the Motion primarily because 1) Plaintiff was responsible for and had reasonable control over the reason for the delay and his failure to prosecute and 2) because he has failed to show that there is no prejudice to the Defendants due to this further delay in the case. These factors, we find outweigh the factor of Plaintiff's apparent good faith.

**III. CONCLUSION**

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant

Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                              Respectfully submitted,

Date:  October 7, 2014                                     s/Maureen P. Kelly
                                                             MAUREEN P. KELLY
                                                             CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Kim R. Gibson
         United States District Judge

         Juan Hurtado
         66 Pleasant Street 1st Floor
         Waterbury, CT. 06706